had charge of the truck, and the company for which he works is responsible.

Other cases are cited, and all could be distinguished, if it were necessary; but the court thinks that the judgment of the court below was wrong, because there was surely evidence to go to the jury. And we think the case should be reversed and remanded to the trial court for a new trial.

*Judgment reversed and cause remanded.*

LEVINE, J., concurs.
SULLIVAN, P. J., not participating.

THE COOPER TIRE & BATTERY CO. *v.* THE FARMERS' BANK & TRUST CO.

(Decided May 21, 1928.)

*Messrs. Nichols, Morrill, Wood, Marx & Ginter,* for plaintiff in error.

*Mr. Froome Morris* and *Mr. M. Froome Barbour,* for defendant in error.

CUSHING, J.   The plaintiff in its petition states that the defendant, the Farmers' Bank & Trust Company, is a corporation organized under the laws of the state of Florida, engaged in a general banking business in that state, with its principal office at West Palm Beach, Florida; that prior to and on March 9, 1927, it had deposited sums of money with the defendant under an implied contract, by which the defendant agreed to allow plaintiff to withdraw said sum whenever plaintiff desired; that on the day mentioned it had a balance with said bank of $5,821.45; that it attempted to withdraw said sum, but that defendant failed to honor the plaintiff's check, and refused to allow plaintiff to withdraw the money or to pay plaintiff the sums due. Plaintiff then prayed judgment for above amount, with interest from March 9, 1927.

This action was filed March 19, 1927. On the same day the plaintiff filed an affidavit for an attachment, which, after stating that the action was based on contract, that the claim was just, and that the amount plaintiff believes it ought to recover was $5,821.45, with interest, alleges that the defendant is a nonresident of the state of Ohio, and that the affiant has good reason to believe that the Union Trust Company, a corporation organized under the laws of the state of Ohio, has property belonging to this corporation in its possession, consisting of moneys, etc.

The Farmers' Bank & Trust Company filed a motion to discharge the attachment and to set aside

and hold for naught the service by publication. The motion reads:

"Now comes defendant, and not desiring to enter its appearance herein, but solely for the purpose of this motion, moves the court that the attachment herein be discharged and that the pretended service of summons by publication in this cause be set aside and held for naught."

An affidavit for attachment and an affidavit for service by publication were both filed. The affidavit for publication is sufficient for that purpose, and that part of the motion with reference to the affidavit for publication will not be considered, other than to say that the motion will be overruled.

It is claimed that the affidavit for attachment is defective, in that it does not negative certain provisions of the statute providing for attachment; that the corporation had not complied with the statute relating to foreign corporations, and was not exempt from the statute authorizing attachment.

Sections 183 to 187, inclusive, General Code, state the conditions with which foreign corporations must comply before they may qualify to do business in Ohio. It will not be necessary to quote these sections of the statute, as Section 188, General Code, provides that:

"The preceding five sections shall not apply to foreign * * * banking * * * corporations * * * ."

Section 710-40, General Code, prohibits foreign banks from doing business in Ohio. It reads:

"No bank or banking institution incorporated under the laws of any other state shall be permitted to receive deposits or transact any banking business of any kind in this state, except to lend money, or as

otherwise provided by law in relation to trust companies.''

The question here is whether or not the language of the affidavit in attachment, which states ''that the defendant is a nonresident of the state of Ohio,'' is sufficient to charge the defendant with being a foreign corporation, and therefore prohibited under the section of the statute above quoted from doing business in Ohio.

The caption of the petition and of the affidavit designates the defendant as follows: ''Farmers' Bank & Trust Company, a corporation under the laws of Florida, defendant.'' The language of the affidavit uses the word ''defendant,'' and that part of the caption is by reference read into the affidavit. So that the affidavit charges that the defendant is a corporation under the laws of Florida.

Section 186, General Code, provides:

''If a foreign corporation complies with the provisions of the preceding three sections, it shall not be subject to process of attachment under any law of this state upon the ground that it is a foreign corporation, or nonresident of the state.''

In this section of the statute the terms ''foreign corporations'' and ''nonresidents'' are used synonymously.

Section 11819, General Code, which provides for the granting of attachments, reads in part as follows:

''An attachment shall not be granted on the ground that the defendant is a foreign corporation or not a resident of this state,'' etc.

Construing these sections of the statute *in pari materia,* it seems to us that the statement that the

defendant is a nonresident of the state is sufficient to authorize the attachment. In *Weirick* v. *Mansfield Lumber Co.,* 96 Ohio St., 386, 117 N. E., 362, and *Hart* v. *Andrews,* 103 Ohio St., 218, 132 N. E., 846, it was held that attachment proceedings are remedial and should be liberally construed.

Our conclusion is that both the affidavit in attachment and the affidavit for publication are sufficient in law. The judgment of the court of common pleas will be reversed, and the cause will be remanded for further proceedings according to law.

*Judgment reversed and cause remanded.*

HAMILTON, P. J., and MILLS, J., concur.