SHERICK, J., and WASHBURN, J. (of the Ninth Appellate District), concur.

THE FARMERS BANK & TRUST CO. ET AL. *v.* THE COOPER TIRE & BATTERY CO.

(Decided January 13, 1930.)

*Mr. Froome Morris* and *Mr. M. Froome Barbour,* for plaintiffs in error.

*Messrs. Nichols, Morrill, Wood, Marx & Ginter,* for defendant in error.

HAMILTON, J.   As indicated in the title, and shown by the record, the plaintiff in error is a foreign corporation, under the laws of the state of Florida, and the defendant in error is a domestic corporation.

The case under review grows out of an action brought by the tire company against the bank and trust company in a proceeding in attachment instituted in the spring of 1927.   In that attachment proceeding the bank and trust company, through its attorney in fact, moved to set aside the attachment levied on funds of the bank and trust company in a local bank, challenging the sufficiency of the affidavit. The question was litigated by this court on review (29 Ohio App., 336, 163 N. E., 504), thereby establishing the lien of the tire company on the funds in a local bank.   Having established the attaching lien, the case was remanded to the court of common pleas for further proceedings according to law.

During the pendency of the attachment proceedings the bank and trust company went into the hands of a receiver.   The receiver asked, and was granted, leave to file an answer to the petition filed in the attachment proceedings, and filed his answer.   The answer sets up as a defense the banking laws of the state of Florida, as set forth in Sections 4159, 4161, and 4167, of the Revised General Statutes of that state.   Section 4167 is as follows:

*"Comptroller to take possession of property of bank found in unsound condition; remedies of credi-*

*tors suspended.*—If, from any examination made by the Comptroller or any State bank examiner acting under his authority, of any bank, banking company, or the affairs of any banker, the Comptroller shall have reason to conclude that any such bank, banking company or banker is in an unsound or unsafe condition, he shall forthwith take possession of the property and business of such bank, banking company or banker, and retain such possession until the affairs are placed in a sound and safe condition, or until a receiver is appointed, as provided by law, and pending such possession by the Comptroller, all the remedies at law or in equity of any creditor or stockholder against any such bank, banking company or banker, shall be suspended.''

The answer then pleads the taking possession of the bank by the comptroller on the 12th day of March, 1927, and the subsequent appointment of the answering receiver.

It is further alleged that at the time of the filing of the petition in the attachment proceeding, and at all times subsequent thereto, plaintiff as an alleged depositor and creditor of the bank and trust company had no right of action against the bank; that, since the laws of Florida suspended any action, the plaintiff was relegated to its rights to file its claim with the receiver and to participate ratably in the proceeds on liquidation.

To this answer a demurrer was filed, which demurrer was sustained by the trial court, and, the defendant not desiring to plead further, a default judgment was entered in favor of the plaintiff for the amount claimed.

It is argued for the plaintiff in error that the re-

lation of the depositor, the tire company, with the bank, as such, was contractual, and that the laws of Florida must be read into the contract, and in that view of the case the proceeding here in attachment was suspended.

As heretofore stated, the bank and trust company, through its authorized agent, contested the attachment. It attacked the attachment by challenging the sufficiency of the affidavit in attachment. No other grounds were presented. That question, therefore, as to the validity of the attachment, was finally determined, and that judgment is conclusive, not only as to the matter raised by the motion to discharge the attachment, but on all grounds which might have been raised at the time and in the case. *Strangward* v. *American Brass Bedstead Co.*, 82 Ohio St., 121, 91 N. E., 988.

The attaching lien therefore having been established, the law applicable is set forth in High on Receivers (4th Ed.), Section 47, page 67, as follows: ''Where, however, citizens of a state, who are creditors of a non-resident debtor, have instituted proceedings in attachment against the debtor, and have acquired liens upon his property in the state of their residence, receivers of the debtor, appointed in the foreign state, will not be allowed to deprive such creditors of their rights, and the courts will protect the lien acquired by their own citizens, in preference to the claim or right asserted by the foreign receivers.'' See, also, 34 Cyc., 484; *Catlin* v. *Wilcox Silver Plate Co.*, 123 Ind., 477, 24 N. E., 250, 8 L. R. A., 62, 18 Am. St. Rep., 338; *Merchants' Natl. Bank* v. *McLeod*, 38 Ohio St., 174; *Hurd, Recr.*, v. *City of Elizabeth*, 41 N. J. Law, 1; and *Holbrook*,

*Recr.,* v. *Ford,* 153 Ill., 633, 39 N. E., 1091, 27 L. R. A., 324, 46 Am. St. Rep., 917.

Applying this rule to the instant case, we find the answer but sets up the attempt to defeat the lien of the tire company by a foreign receiver of the debtor appointed in a foreign state, and the only grounds alleged to accomplish this are the statutes of the foreign state with relation to its banking laws.

The answer not challenging the indebtedness, nor the amount thereof, the trial court was correct in sustaining the demurrer to the answer, and the judgment is therefore affirmed.

*Judgment affirmed.*

CUSHING, P. J., and ROSS, J., concur.