MITCHELL ET AL., APPELLANTS, *v.* ROSS ET AL., APPELLEES.

(No. 47116 — Decided March 26, 1984.)

*Mr. Arthur E. Dombek,* for appellants.

*Mr. David M. Paris,* for appellees.

JACKSON, J. This is an appeal from a decision granting summary judgment to the appellees, Donald K. Ross and his alleged employers. The appellant Norman Mitchell brought suit against Ross, claiming that Ross, acting in the course of his employment, negligently drove his motor vehicle into him as he was crossing on foot State Route 2, an expressway which runs through Cuyahoga County. The defendants-appellees filed a motion for summary judgment on the ground that appellant assumed the risk of injury when he attempted to cross State Route 2 on foot.

In ruling upon a motion for summary judgment, a trial court is limited to consideration of the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact. Civ. R. 56(C). Documents which are not sworn, certified, or authenticated by way of affidavit have no evidentiary value and shall not be considered by the trial court. *Citizens Ins. Co.* v. *Burkes* (1978), 56 Ohio App. 2d 88 [10 O.O.3d 119]. The moving party has the burden of proving that no genuine issue of fact remains for trial. *State* v. *Licsak* (1974), 41 Ohio App. 2d 165 [70 O.O.2d 325]. Once the moving party has met its burden, the burden of production shifts to the responding party to "* * * set forth specific facts showing that there is a

genuine issue for trial." Civ. R. 56(E); *Benjamin* v. *Deffet Rentals* (1981), 66 Ohio St. 2d 86 [20 O.O.3d 71]. The evidence is construed most strongly in favor of the party against whom the motion is made. *Dupler* v. *Mansfield Journal* (1980), 64 Ohio St.2d 116 [18 O.O.3d 354]. Summary judgment may be granted only if the court finds that, construing the evidence most strongly in favor of the moving party, no genuine issue of fact remains for trial, and that based upon these undisputed facts, reasonable minds could come to but one conclusion, that being that the moving party was entitled to judgment as a matter of law. Civ. R. 56(C).

The appellees filed a copy of the deposition taken of appellant, in support of their motion for summary judgment.

Appellant filed no evidentiary materials in opposition to the motion for summary judgment. Attached to appellant's brief in opposition was a single page from the deposition taken of the appellee Ross. The deposition itself was not filed with the court, nor was this single page otherwise authenticated.

The relevant portions of the plaintiff-appellant's testimony on deposition are summarized below. Appellant testified that a part had fallen off his pick-up truck while he was traveling easterly, and he retraced his path in a westerly direction along State Route 2 to look for it. He observed the part lying in the roadway in the eastbound lanes. He pulled his truck onto the grass median strip, intending to retrieve the part lying in the road. He admitted that he ran across the freeway and retrieved the part. He then saw the appellee's car approaching from about two hundred yards away. Feeling he had "ample time" to make it back to his truck, he ran back toward the median strip. He did not keep an eye on the approaching car. He heard the car's wheels striking gravel; the car had driven onto the left shoulder to avoid striking appellant, and the appellant saw it just before it struck him. The front bumper on the passenger side of the car flipped him over.

Appellant had no idea how fast the car had been going. When asked whether he was aware of any specific respect in which appellee had improperly operated his automobile, appellant could only state that appellee failed to "blow his horn" or to "drag his wheels."

The single page of the appellee's deposition, which was attached to the appellant's brief,[1] need not have been considered by the trial court because the deposition was not filed, nor was this page properly authenticated. Appellee testified (according to this excerpt), that he first saw appellant from a distance of fifty to one hundred yards, as appellant first left the median strip.

After judgment was rendered by the trial court in the case at bar, the Ohio Supreme Court ruled that the doctrine of implied assumption of the risk is merged with the defense of contributory negligence under R.C. 2315.19, the com-

---

[1] "Q. Okay. How far away from you was he when you first saw him?

"A. That's a matter of judgment and distance.

"Q. Well, we'll take your best approximation.

"A. Fifty to a hundred yards, if that's close enough.

"Q. Okay. So that would be anywhere from 150 to 300 feet?

"A. Yes.

"Q. Were there any cars between you and him at any time?

"A. No, no.

"Q. Okay. At that time, can you show us with the red marker a X or a little circle where he was when you first saw him.

"MR. MORIARTY: Note an objection.

"A. (Indicating).

"Q. (By Mr. Shane) Now, that's all right. He was in the dividing strip then?

"A. He was just starting to cross the expressway."

parative negligence statute. *Anderson* v. *Ceccardi* (1983), 6 Ohio St. 3d 110. Because the accident in the case at bar occurred after the provisions of R.C. 2315.19 became effective,[2] the defense of assumption of the risk may not be considered an absolute bar to the appellant's claim, but merely a species of negligence, to be weighed against the alleged negligence of the appellee pursuant to R.C. 2315.19. If the appellant's negligence is found to be greater than the appellee's, then the appellant is barred from any recovery.[3]

At oral argument before this court appellant raised, for the first time, the doctrine of "last clear chance." It is the appellant's contention that this doctrine survives the enactment of Ohio's comparative negligence statute, and constitutes an absolute defense to the appellee's affirmative defense of contributory negligence. The doctrine of "last clear chance" is defined in paragraphs six and seven of *Peters* v. *B. & F. Transfer Co.* (1966), 7 Ohio St. 2d 143 [36 O.O.2d 180]:

"6. Where a plaintiff, by his own fault, caused himself to be placed in a perilous situation, he may recover under the rule of the 'last clear chance' notwithstanding his negligence, if the defendant did not, after becoming aware of plaintiff's perilous situation, exercise ordinary care to avoid injuring him. (Paragraph one of the syllabus of *Cleve-*

*land Ry. Co.* v. *Masterson,* 126 Ohio St. 42, approved and followed.)

"7. For the doctrine of 'last clear chance' to be applicable it must be proved that the defendant became aware that plaintiff was in a position of peril at a time and distance when, in the exercise of ordinary care, he could have avoided injuring plaintiff."

The Ohio Supreme Court has not yet ruled on the question of whether the doctrine of "last clear chance," unlike assumption of the risk, yet survives.

This court is persuaded that "last clear chance" is merely a species of negligence. Under prior law, liability was largely determined by a question of timing; whichever party was the last in time to exercise ordinary care. If it was the plaintiff whose negligence occurred last, the defense of contributory negligence was an automatic bar to relief. If the defendant was the last in time to be negligent (after becoming aware of the plaintiff's danger), the doctrine of last clear chance was an absolute bar to the defense of contributory negligence, and liability would in the usual case be predicated upon this negligence of the defendant.

It was the purpose of comparative negligence legislation to remove the absolute bar to liability of the doctrines of contributory negligence and assumption of the risk, and to substitute instead a judgment of balance. Whichever party is

---

[2] In *Wilfong* v. *Batdorf* (1983), 6 Ohio St. 3d 100, the Ohio Supreme Court held that the provisions of R.C. 2315.19 shall apply in all proceedings which occur after the effective date of the statute.

[3] This is to prevent "upstream" recovery by plaintiffs who are primarily at fault for causing the accident. The pertinent provision of R.C. 2315.19 states:

"(A)(1) In negligence actions, the contributory negligence of a person does not bar the person or his legal representative from recovering damages that have directly and

proximately resulted from the negligence of one or more other persons, *if the contributory negligence of the person bringing the action was no greater than the combined negligence of all other persons from whom recovery is sought.* However, any damages recoverable by the person bringing the action shall be diminished by an amount that is proportionately equal to his percentage of negligence, which percentage is determined pursuant to division (B) of this section. This section does not apply to actions described in section 4113.03 of the Revised Code." (Emphasis added.)

78

more negligent, should be found liable for the accident. To preserve this result, the doctrine of last clear chance must also be considered abolished and merged into the scheme of comparative negligence. Henceforth, the negligence of the defendant will be weighed against the negligence of the plaintiff, and the relative timing of their negligent acts will not bar consideration of the negligence of the other.

Construing the evidence most strongly in favor of the appellant, and assuming his testimony on deposition to be true, no reasonable person could find his fault to be less than the alleged negligence of the appellee. The appellant was aware that it was dangerous and unlawful[4] to cross a freeway on foot. The appellant saw the appellee's vehicle approaching, and crossed the lanes of travel in front of it. The appellant did not watch the appellee's vehicle as he ran in front of it. There is no allegation that the appellee was driving erratically or at an excessive rate of speed. The appellee attempted to avoid appellant by driving onto the left shoulder. The appellant was struck by the front right portion of the appellee's car, as he and the car collided.

No genuine dispute of fact for trial is presented by these facts. As a matter of law, the appellant's contributory negli-

gence outweighs that of the appellee; and the appellant's suit is barred under R.C. 2315.19. Under the circumstances of this case the trial court acted properly in entering summary judgment for the defendants-appellees.

Accordingly, the judgment of the trial court is affirmed.

*Judgment affirmed.*

PARRINO, P.J., and PRYATEL, J., concur.

---

[4] R.C. 4511.051, in pertinent part, provides:

"No person, unless otherwise directed by a police officer, shall:

"(A) As a pedestrian, occupy any space within the limits of the right-of-way of a freeway, except: in a rest area; in the performance of public works or official duties; as a result of an emergency caused by an accident or breakdown of a motor vehicle; or to obtain assistance."

Appellant's violation of this statute might be justified by the fact that he was retrieving an object which had fallen off his car. This justification does not diminish the recklessness of his action.