896 F.2d 553
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Martin J. FOUNTAIN, Plaintiff-Appellant,
v.
NORFOLK & WESTERN RAILROAD COMPANY, et al., Defendants-Appellees.
 No. 89-3462.
 United States Court of Appeals, Sixth Circuit.
 Feb. 28, 1990.
 
 Before BOYCE F. MARTIN, Jr. and RYAN, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Martin Fountain appeals the district court's order granting summary judgment in favor of Norfolk & Western Railway in this diversity tort action arising out of a motor vehicle and train accident. For the following reasons, we affirm.
 
 
 2
 On October 22, 1986 at about 4:00 A.M., Fountain was driving his car northbound on State Route 64 when he collided with the 65th and 66th cars of a Norfolk train. The train was travelling approximately 25 miles per hour and had preempted the crossing for about two minutes. Fountain, who was on his way to work, testified that he remembers nothing of the accident. He did state, however, that his usual course of behavior was to travel across the tracks at approximately 55 miles per hour, cruise control operating. Fountain also testified that he was familiar with this crossing in that he had been travelling that highway for 20 years.
 
 
 3
 Witnesses reported that visibility the morning of the accident was good. Although it was dark, there was apparently no problem discerning objects in the roadway.
 
 
 4
 State Route 64 is a two lane highway which runs north and south. Travelling north towards the crossing, the highway is straight and level. The crossing itself is protected by a crossbuck sign about nine feet to the south. In addition, there is a warning sign which reads "VIEW OF TRAINS LIMITED--20 MPH", a painted railroad sign on the asphalt and a railroad advanced warning disc.
 
 
 5
 Fountain filed suit on February 18, 1988, in the Lucas County Court of Common Pleas. Norfolk filed a petition for removal based on diversity of citizenship which was granted by the district court. Norfolk then moved for summary judgment arguing that reasonable minds could only conclude that Fountain's negligence was the sole proximate cause of the collision, or, in the alternative, that Fountain was greater than fifty percent negligent as a matter of law. Fountain responded by conceding his negligence, but contended that issues of fact remained as to whether Norfolk was negligent in not providing an adequately safe crossing.
 
 
 6
 In granting summary judgment in favor of Norfolk, the district court found that the only evidence presented by Fountain in support of his opposing motion was a deposition given by Dr. Kenneth W. Heathington in a prior action and a reference to an interrogatory answer. The district court determined that the issues presented in the prior case, although involving the same crossing, were significantly different from those found in this case, and thus held that Dr. Heathington's testimony was inadmissible. The court also determined that Fountain could not rely on a mere reference to an interrogatory answer to support an opposition to a motion for summary judgment. The district court, therefore, held that Fountain did not produce any evidence to show that the crossing, preempted by a train, is especially dangerous to travellers.
 
 
 7
 The district court found that Fountain was negligent in failing to operate his vehicle in a manner that would allow him to bring it to a stop within the assured clear distance ahead, thus violating O.R.C. Sec. 4511.21(A). The court also found that Fountain breached his duty to both look and listen for trains. The district court concluded that the evidence viewed in the light most favorable to Fountain, shows that Fountain's negligence caused the accident.
 
 
 8
 On appeal, Fountain argues that the district court committed prejudicial error by disallowing the deposition of Dr. Heathington. Fountain believes that the requirements of Rule 32 of the Federal Rules of Civil Procedure, which governs the use of depositions, are met with regard to Dr. Heathington's deposition. Fountain contends that Norfolk was represented by counsel at the deposition of Dr. Heathington who had the same "interest and motive" in their cross-examination in the prior action as they have in this case, and that there was a "substantial identity of issues" in the two cases. Wright & Miller, Federal Practice and Procedure: Civil Section 2150 467-69. In the alternative, Fountain argues that if Dr. Heathington's deposition was inadmissible as a deposition, it should have been admissible as an affidavit.
 
 
 9
 Rule 402 of the Federal Rules of Evidence states that "evidence which is not relevant is not admissible." Dr. Heathington's deposition was taken in a case where a car collided with an oncoming train. The issue in that case, therefore, was a motorist's sight distance of an approaching train. In contrast, the issue in this case is whether a driver would have a problem viewing a train already across the tracks. Because of the difference in the issues presented in the two cases, the district court found that Dr. Heathington's deposition was misleading and irrelevant, and thus inadmissible in this case. Given Rule 402 of the Federal Rules of Evidence, we find no error in the district court's determination.
 
 
 10
 Fountain also argues that the district court erred by stating that the "only just approach is to place the blame on the driver who traveled the crossing frequently and carelessly and not the railroad who complied with all the statutory regulations." Fountain believes that this statement does not accurately reflect the law of Ohio, and that public policy dictates against adopting such a statement.
 
 
 11
 Although the district court may have overstated its position, it was certainly not prejudicial error to make such a statement. Ohio law states that in a comparative negligence case summary judgment in favor of the defendant is appropriate when the plaintiff is more than fifty percent negligent as a matter of law. Mitchell v. Ross, 14 Ohio App.3d 75 (1984). The district court properly found that the evidence clearly showed that Fountain was negligent and that his negligence caused the collision. Any error made by the district court in its statement, therefore, is harmless.
 
 
 12
 Finally, Fountain contends that reasonable minds could have come to different conclusions on the issue of discernability, and thus an issue of material fact existed. Fountain relies on a comment in the accident report where the patrolman noted the weather as light fog or haze.
 
 
 13
 In the accident report, however, the patrolman stated that visibility was good at the time of the accident, that he had no difficulty in discerning objects in the area of the crossing and that all traffic control signs were visible that morning. This testimony was consistent with each and every other witness, all of whom testified that there was no problem with discernability at the time of the collision. We find, therefore, that as to the issue of discernability there was not an issue of material fact for the jury to decide.
 
 
 14
 Accordingly, summary judgment in favor of Norfolk and Western Railway is affirmed.