This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Linda Scheman, appeals from the judgment of the Summit County Court of Common Pleas granting the motion for summary judgment of Appellees, Delores Jeglie and Pamela Johnson. We affirm in part and reverse in part.
On February 2, 2001, Appellant filed a complaint for fraud and conversion against Appellees. Appellees answered and filed a counterclaim asserting that Appellant's complaint was frivolous. Subsequently, on July 13, 2001, Appellees moved for summary judgment. The trial court granted Appellees' motion for summary judgment. Appellant timely appeals raising one assignment of error for review.
 ASSIGNMENT OF ERROR The trial court commits reversible error when it grants summary judgment when there are genuine issues of material fact in dispute that must be determined by the trier of fact.
In her sole assignment of error, Appellant avers that the trial court erred in granting summary judgment to Appellees. Specifically, Appellant argues that a genuine issue of material fact exist as to the following: (1) the certificate of deposit account; (2) the compensation Appellant requested for services rendered to the decedent; and (3) the ownership of the decedent's bedroom set. Appellant's argument as it pertains to the certificate of deposit account has merit; however, her argument regarding compensation for services rendered and the ownership of the bedroom set lack merit. Appellant has divided her assignment of error into five subparts. Therefore, we will address Appellant's subparts A, B, and C together, and subparts C and D separately.
Pursuant to Civ.R. 56(C), summary judgment is appropriate when: (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327. To succeed on a summary judgment motion, the movant "bears the initial burden of demonstrating that there are no genuine issues of material fact concerning an essential element of the opponent's case." (Emphasis sic). Dresher v. Burt (1996), 75 Ohio St.3d 280,292. If the movant satisfies this burden, the non-moving party "must set forth specific facts showing that there is a genuine issue for trial."Id. at 293, quoting Civ.R. 56(E). An appellate court reviews a lower court's entry of summary judgment applying the de novo standard; thereby employing the same standard used by the trial court. See Klingshirn v.Westview Concrete Corp. (1996), 113 Ohio App.3d 178, 180.
 When a bank C.D. statement fails to contain joint and survivorship language but merely contains the word "or" between the names of the parties, such document fails to establish a joint and survivorship account and is not suitable evidence to support a motion for summary judgment on that issue.
 When the document opening a C.D. account is unsigned by the parties who opened the account and the original signature card is missing, but the account has language establishing a joint or alternative account but also has the joint and survivorship box checked, a genuine issue of material fact is raised and to grant summary judgment on that issue is harmful error.
 There exists a presumption of law against the creation of joint and survivorship accounts and there is a presumption of undue influence when the party asserting the ownership of the joint and survivorship account is a fiduciary at the time the account was opened. Thus, it raises a genuine issue of material fact, not suitable for summary judgment dismissal.
In these three arguments, Appellant contends that the language on the certificate of deposit account does not establish a joint account with the right of survivorship. Additionally, Appellant contends that the certificate of deposit account was created as a result of undue influence.
Civ.R. 56(C) provides an inclusive list of materials which the trial court may consider on a motion for summary judgment. Spier v. AmericanUniv. of the Carribbean (1981), 3 Ohio App.3d 28, 29. Specifically, the materials include: affidavits, depositions, transcripts of hearings in the proceedings, written admissions, written stipulations, and the pleadings. Civ.R. 56(C). If a document does not fall within one of these categories, it can only be introduced as evidentiary material through incorporation by reference in an affidavit. Martin v. Central OhioTransit Auth. (1990), 70 Ohio App.3d 83, 89. Furthermore, "[d]ocuments which are not sworn, certified, or authenticated by way of affidavit have no evidentiary value and shall not be considered by the trial court."Mitchell v. Ross (1984), 14 Ohio App.3d 75, 75.
Civ.R. 56(E) states the requirements for authentication as follows:
 Supporting and opposing affidavits shall be made on personal knowledge, shall set forth facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts of papers referred to in an affidavit shall be attached to or served with the affidavit."
Accordingly, the import of Civ.R. 56(E) is that any document relied upon must be authenticated by and attached to an affidavit that satisfies the requirements of Civ.R. 56(E) and the affiant must be an individual through whom the document could be admitted into evidence. Nolla Morellv. Riefkohl (D.P.R. 1986), 651 F. Supp. 134, 140. See, also, Biskupichv. Westbay Manor Nursing Home (1986), 33 Ohio App.3d 220, 222.
In the present case, Appellees introduced documents concerning the certificate of deposit account without attaching the required affidavit to authenticate these documents. As these documents do not fall within the materials listed in Civ.R. 56(C), Appellees were required to attach an affidavit for authentication purposes. Therefore, the trial court improperly considered these documents in its determination regarding Appellees' motion for summary judgment and concluding that no genuine issue of material fact existed. See Mitchell, 14 Ohio App.3d at 75. Appellant's first, second, and third arguments regarding the certificate of deposit account are sustained.
 Where no legal family relationship is present, a claimant does not have to establish the existence of an express contract and the claimant is presumed to be entitled to reasonable compensation for services rendered to the decedent.
In her fourth argument, Appellant claims that a familial relationship did not exist between her and the decedent; therefore, the trial court erred in determining that she was not entitled to compensation for services she rendered to the decedent. We disagree.
In the case at bar, Appellees contended in their motion for summary judgment that Appellant did not provide any basis which would entitle her to compensation for services she rendered to the decedent. Specifically, Appellees stated that Appellant had not asserted that a contract or an agreement existed to provide for such compensation. In response, Appellant merely provided a self-serving affidavit in which she stated that she had an oral agreement with the decedent for compensation for services she rendered to the decedent.
However,
 [a] party's unsupported and self-serving assertions offered to demonstrate issues of fact, standing alone and without corroborating materials contemplated by Civ.R. 56, are simply insufficient [to overcome a properly supported motion for summary judgment]. In other words, when the moving party puts forth evidence tending to show that there are no genuine issues of material fact, the nonmoving party may not avoid summary judgment solely by submitting a self-serving affidavit containing no more than bald contradictions of the evidence offered by the moving party. To conclude otherwise would enable the nonmoving party to avoid summary judgment in every case, crippling the use of Civ.R. 56 as a means to facilitate "the early assessment of the merits of claims, pre-trial dismissal of meritless claims, and defining and narrowing issues for trial."
(Citations omitted.) Bank One, N.A. v. Burkey (June 14, 2000), Lorain App. No. 99CA007359, unreported, at *10-11 (Slaby, P.J., dissenting in part). Consequently, Appellant failed to demonstrate that a genuine issue of material fact exists as to her entitlement to compensation for services rendered. Accordingly, Appellant's fourth argument is overruled.
 When the testator's will is silent on specific items of personal property and the will divides the assets by percentage to the heirs, evidence by the testator from separate documents indicating the specific intent to grant items of personal property to an heir may be presented to the trier of fact to establish the testator's intent even where the evidence is subsequent to the wills execution. This raises genuine issues of material fact that cannot be determined by summary judgment.
In her fifth argument, Appellant alleges that she is entitled to the decedent's bedroom set as evidenced by a note allegedly written by the decedent following the execution of her will. Furthermore, Appellant alleges that the trial court erred in disregarding this note as the will is silent regarding the division of the decedent's personal property. Appellant's allegations are not well taken.
In the construction of a will, the trial court's sole purpose is to ascertain and carry out the intention of the testator. Oliver v. BankOne, Dayton, N.A. (1991), 60 Ohio St.3d 32, 34. Furthermore, that testamentary intention must be ascertained from the words contained in the will. Id. The trial court may consider extrinsic evidence to determine the testator's intention only when the language in the will creates doubt as to the meaning of the will. Id. at paragraph one of the syllabus, following Sandy v. Mouhot (1982), 1 Ohio St.3d 143, 145.
In this case, Appellant has failed to demonstrate that the language in the will creates doubt as to its meaning, which would permit the trial court to consider the note allegedly written by the decedent. Specifically, Appellant has not provided the will itself or any other evidence illustrating the will's ambiguity. Instead, Appellant has provided her self-serving affidavit and the note allegedly written by the decedent as proof of the decedent's intention. Consequently, we find that the trial court did not err in disregarding the note allegedly written by the decedent or in concluding that no genuine issue of material fact existed as to the bedroom set. Appellant's fifth argument is overruled.
Appellant's sole assignment of error is overruled as it pertains to the compensation for services and bedroom set and sustained as it pertains to the certificate of deposit account. The judgment of the Summit County Court of Common Pleas is affirmed in part, reversed in part, and remanded.
Judgment affirmed in part, reversed in part, and remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to both parties equally.
Exceptions.
WHITMORE, J. CONCURS; BAIRD, J., CONCURS IN JUDGMENT ONLY