This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Ohio Casualty Group of Insurance Companies ("Casualty"), appeals the decision of the Summit County Court of Common Pleas granting summary judgment to appellee, Jeanne Weisman ("Weisman"). This Court affirms.
 I.
On April 22, 1996, Weisman sustained injuries as a passenger involved in a car accident. Approximately one year later, she settled with the driver of the vehicle for the amount of $30,000. Weisman sought underinsured motorist ("UIM") coverage under her personal automobile insurance with Casualty to cover her remaining medical expenses. Casualty refused UIM coverage under her policy because Weisman had already recovered $30,000 from the tortfeasor, $5,000 in excess of her UIM policy limit.
On December 1, 1998, Weisman filed a complaint seeking declaratory judgment of her rights under Casualty's policy. Weisman moved for summary judgment asserting the controlling law in effect on August 7, 1994, the effective date of her Casualty policy, was Savoie v. Grange Mutual Cas.Co. (1993), 67 Ohio St.3d 500. Under Savoie, Weisman was entitled to stack her UIM coverage with the amount she settled for with the driver. In response, Casualty moved for summary judgment arguing that the effective date of Weisman's policy was February 7, 1988. Allowing for the two-year period required for insurance coverage, the controlling law regarding her UIM coverage was R.C. 3937.18(H), which prohibits stacking.
On July 23, 2001, the trial court granted summary judgment in favor of Weisman finding that Savoie controlled based on the August 7, 1994, effective date of the insurance policy. The trial court also denied Casualty's motion for summary judgment. This appeal followed.
 II. ASSIGNMENT OF ERROR THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY GRANTING APPELLEE'S MOTION FOR SUMMARY JUDGMENT.
In its sole assignment of error, Casualty challenges the trial court's grant of summary judgment to Weisman.
To prevail on a summary judgment motion, the moving party "bears the initial burden of demonstrating that there are no genuine issues of material fact concerning an essential element of the opponent's case."Dresher v. Burt (1996), 75 Ohio St.3d 280, 292. If the movant meets this burden, the non-moving party must proffer evidence that some issue of material fact remains for the trial court to resolve. Id. at 293.
An appellate court reviews an award of summary judgment de novo.Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105. Like the trial court, the appellate court must view the facts in the case in the light most favorable to the non-moving party. Viock v. Stowe-Woodward Co. (1983), 13 Ohio App.3d 7, 12. Any doubt must be resolved in favor of the non-moving party. Id.
Civ.R. 56(C) provides a list of materials which the trial court may consider on a motion for summary judgment. Spier v. American Univ. of theCarribean (1981), 3 Ohio App.3d 28, 29. Specifically, the materials include: affidavits, depositions, transcripts of hearings in the proceedings, written admissions, written stipulations, and the pleadings. Civ.R. 56(C). If a document does not fall within one of these categories, it can only be introduced as evidentiary material through incorporation by reference in an affidavit. Martin v. Central OhioTransit Auth. (1990), 70 Ohio App.3d 83, 89. Furthermore, "[d]ocuments which are not sworn, certified, or authenticated by way of affidavit have no evidentiary value and shall not be considered by the trial court."Mitchell v. Ross (1984), 14 Ohio App.3d 75, 75.
In Savoie, the Court held that former R.C. 3937.18(A)(2) required a comparison between the amount the insured actually received under the tortfeasor's policy and the amount of the insured's damages. Savoie,
67 Ohio St.3d at paragraph three of the syllabus. Am.Sub.S.B. No. 20, effective October 20, 1994, overruled the holding of Savoie, including its prohibition against insurers consolidating claims arising out of a single bodily injury to the single per-person limit. See R.C. 3937.18(H).
The scope of UIM coverage is controlled by "the statutory law in effect at the time of entering into a contract for automobile liability insurance." Ross v. Farmers Ins. Group of Cos. (1998), 82 Ohio St.3d 281,287. Since Ross, the Supreme Court has held:
 Pursuant to R.C. 3937.31(A) every automobile liability insurance policy issued in this state must have, at a minimum, a guaranteed two-year policy period during which the policy cannot be altered except by agreement of the parties and in accordance with R.C. 3937.30 to 3937.39.
Wolfe v. Wolfe (2000), 88 Ohio St.3d 246, paragraph one of the syllabus. Therefore, the only instance in which Am.Sub.S.B. No. 20 could be incorporated into a policy of insurance would be "if a new contract of insurance had been entered into or a renewal (representing a new contract of insurance) of the existing policy had occurred." Ross,82 Ohio St.3d at 289.
In support of her motion for summary judgment, Weisman provided a copy of her personal auto insurance policy, effective August 7, 1994. The policy provides a $25,000 per person limit on UIM coverage. Applying the two-year minimum policy requirement, Weisman's August 7, 1994 policy was effective until August 7, 1996. Her accident occurred on April 22, 1996, within the two-year policy term. Accordingly, Savoie was the controlling law regarding the issue of her UIM coverage with Casualty.
Casualty responded in opposition and moved for summary judgment but did not provide the trial court with any evidence of the type listed in Civ.R. 56 to support its argument. Instead, Casualty attached a copy of Weisman's policy effective August 7, 1994 and various opinions regarding UIM insurance coverage. Over a month and a half later, Casualty filed an affidavit of Jack Turner. Turner was the Casualty claim representative assigned to Weisman. His affidavit states that an attached "computer printout for the policy" indicates Weisman has been an insured with Casualty since February 7, 1988. Turner merely referred to a notation on the computer printout that provides "Orig N B: 2/7/1988," as evidence of Weisman's insurance history with Casualty.
This Court concludes that the evidence, viewed in a light most favorable to Casualty, showed no dispute as to the effective date of Weisman's policy. Where a party fails to make a showing of evidence as to the existence of an essential element of his or her cause of action, "there can be `no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."Dresher, 75 Ohio St.3d at 288, quoting Celotex Corp. v. Catrett (1986),477 U.S. 317, 322-23, 91 L.Ed.2d 265, 273. Hence, since Weisman provided evidence of a policy with Casualty effective August 7, 1994 though August 7, 1996 and Casualty failed to adduce evidence of the type listed in Civ.R. 56 to dispute it, we conclude that the trial court did not err in granting summary judgment in favor of Weisman. Accordingly, Casualty's assignment of error is overruled.
 IV.
Having overruled Casualty's sole assignment of error, the judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellant.
Exceptions.
SLABY, P.J., BATCHELDER, J. CONCUR.