This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Chelsea Fredrickson, appeals from the judgment of the Lorain County Court of Common Pleas that granted the motion for summary judgment of Appellee, Kobb Tennis Academy, Inc. We reverse.
On June 22, 2000, Appellant filed a complaint against Appellee seeking damages for injuries she sustained while attending Appellee's tennis camp. Discovery followed. Thereafter, on October 1, 2001, Appellee filed a motion for summary judgment which was subsequently granted by the trial court. Appellant timely appeals and raises one assignment of error for review.
 ASSIGNMENT OF ERROR "Summary judgment was not proper because there were genuine issues of material fact regarding [Appellee's] liability to [Appellant] for injury sustained which required the jury's consideration[.]"
In her sole assignment of error, Appellant avers that the trial court erroneously determined that Appellee was not negligent and therefore, improperly granted summary judgment in favor of Appellee.
Pursuant to Civ.R. 56(C), summary judgment is proper if: "(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327. An appellate court reviews the trial court's granting of summary judgment de novo. Grafton v. Ohio Edison Co. (1996),77 Ohio St.3d 102, 105; Klingshirn v. Westview Concrete Corp. (1996),113 Ohio App.3d 178, 180. Any doubt is to be resolved in favor of the non-moving party. Viock v. Stowe-Woodward Co. (1983), 13 Ohio App.3d 7,12.
A party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and is to identify portions of the record that demonstrate the absence of genuine issues of material fact as to an essential element of the non-moving party's claims. Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. The burden will then shift to the non-moving party, to offer "specific facts showing that there is a genuine issue for trial." Id. at 293. See, also, Civ.R. 56(E). The non-moving party may not rest on the mere allegations and denials in the pleadings, but must submit some evidentiary material showing a genuine dispute over the material facts. Id. at 293.
An appellate court is limited to the record that was before the trial court. State v. Ishmail (1978), 54 Ohio St.2d 402, 405; See, also, App.R. 9(A). Civ.R. 56(C) provides a list of materials which the trial court may consider. Scheman v. Jeglie, 9th Dist. No. 20760, 2002-Ohio-1115, at ¶ 11, citing Spier v. American Univ. of theCarribbean (1981), 3 Ohio App.3d 28, 29. Those materials include: affidavits, depositions, transcripts of hearings in the proceedings, written admissions, written stipulations, and the pleadings. Civ.R. 56(C).
In a negligence case, a plaintiff must prove that: (1) the defendant owed the plaintiff a duty; (2) the defendant breached that duty; (3) the plaintiff suffered harm; and (4) the harm was proximately caused by defendant's breach of duty. Steiner, et al. v. Ganley Toyota-MercedesBenz, Inc., 9th Dist. No. 20767, 2002-Ohio-2326, at ¶ 11, citingMussivand v. David (1989), 45 Ohio St.3d 314, 318. "Whether a duty exists is a question of law for the court." Steiner at ¶ 7, citingMussivand, 45 Ohio St.3d at 318.
This case turns on the foreseeability of the risk of harm to Appellant. See, Hudak v. Shearer (Sept. 23, 1998), 9th Dist. No. 97CA0068, at 5. "Foreseeability * * * is the linchpin of liability."Venger v. Davis (April 26, 1995), 9th Dist. No. 16940, at 5, citingJeffers v. Olexo (1989), 43 Ohio St.3d 140, 146. "An injury is not actionable unless it could be foreseen or reasonably anticipated as the probable result of an act of negligence." Hudak at 9, citing Strother v.Hutchinson (1981), 67 Ohio St.2d 282, 287. Furthermore, there is no duty if an injury is not foreseeable. Hudak at 9, citing Menifee v. OhioWelding Products, Inc. (1984), 15 Ohio St.3d 75, 77. Foreseeability is defined using a reasonably prudent person standard: an injury is foreseeable if a reasonably prudent person, under the same or similar circumstances would have anticipated the injury as a result of his actions. Hudak at 7, citing Commerce Industry Ins., Co. v. Toledo, (1989), 45 Ohio St.3d 96, 98.
After careful review of the record, we find that Appellee failed to comply with the Civ.R. 56(C) evidentiary requirements. The depositions Appellee relies on in its motion for summary judgment to refute the issue of foreseeability were not properly made a part of the appellate record. An appellate court's review is restricted to the record provided to the appellate court. State v. Browne (May 22, 2002), 9th Dist. No. 01CA0056, at 3, citing App.R. 12 (A)(1)(b). The trial court record in this case consisted of the aforementioned depositions. However, they are absent from the appellate record. We find that the sole assignment of error is dependent on these documents. Thus, there is insufficient evidence in the record on appeal to demonstrate that no genuine issue as to any material fact exists. Consequently, we are unable to determine if the trial court erred in granting Appellee's motion for summary judgment. Therefore, Appellant's sole assignment of error is sustained.
Appellant's sole assignment of error is sustained. The judgment of the Lorain County Court of Common Pleas is reversed.
WHITMORE, J., BATCHELDER, J. CONCUR.