SPIER ET AL., APPELLEES, *v.*
AMERICAN UNIVERSITY OF THE
CARIBBEAN ET AL., APPELLANTS.

(No. C-810009—Decided December 9, 1981.)

Strauss, Troy & Ruehlmann Co., L.P.A., Mr. Ernest A. Eynon, II, and Ms. M. Michele Fleming, for appellees.

Bauer, Morelli & Heyd Co., L.P.A., and Mr. Arnold Morelli, for appellants.

*Per Curiam.* This cause came on to be heard upon an appeal from the Court of Common Pleas of Hamilton County.

Defendants-appellants (collectively, defendants) appeal from a summary judgment granted against them for the funds expended by two dissatisfied students who withdrew from the defendants' newly organized medical school after attending it for the first six weeks of its existence. While the case raises a series of questions about the relationship between a medical school and its students and about the remedies, if any, available to dissatisfied students, we dispose of this appeal on procedural grounds because under Civ. R. 56(C) summary judgment should not have been granted.

### I. Procedural Posture

Plaintiffs-appellees Spier and Filipponi (collectively, plaintiffs) sued defendants for breach of contract and for fraud.[1] The essence of their claim is that the brochure sent to them by defendant Tien prior to their applications for enrollment contained false and fraudulent representations about the medical school.[2] They asked for return of fees and tuition and their out-of-pocket expenses. Defendants denied all allegations of misrepresentation, breach of contract and fraud.

Plaintiffs moved for, and were granted, summary judgment on their cause of action for breach of contract, leaving unresolved the claim of fraud and certain other interpleaded claims not relevant to the current appeal. The judgment entry stated that there was no just reason for delay, thus complying with Civ. R. 54(B).

Defendants present two assignments of error, both of which have merit: first, the court erred in granting summary judgment; second, the court erred in not discharging a prejudgment attachment of defendants' accounts, the statutes having been held to be unconstitutional.

### II. Summary Judgment

The granting of summary judgment was erroneous because the cognizable documents before the trial court disclose

---

[1] Plaintiffs denominated as "Third Count" their claim that this was a class action, but we do not believe the claim of a class action constitutes a separate cause of action. In addition, admissions made by plaintiffs in their depositions preclude a determination that a class existed.

genuine issues of material fact. We refer to the "cognizable documents," because Civ. R. 56(C) sets forth a specific list of documents that may be considered and the court may not consider any other documents.[3] In the instant case, we can consider the pleadings, the plaintiffs' answers to interrogatories, their depositions, the deposition of defendant Tien and the affidavit of Barbara G. Watts (attached to the motion for summary judgment). Documents attached to the motion as mere exhibits, even though allegedly certified to be from the records of the State Board of School and College Registration, are not cognizable.

In order to determine whether there are genuine issues of material fact, the presence of which makes summary judgment inappropriate, we must first identify the causes of action alleged by plaintiffs and the defenses set up by defendants; these define the issues. Plaintiffs' claims as students dissatisfied with the medical school fall in that murky area where fraud, deceit, breach of contract and rescission converge and overlap. We can eliminate the tort claims in this appeal, because although the "First Count" of the complaint may be interpreted as sounding in both contract and tort, the parties and the court treated the motion and the judgment as being in contract only. What is not clear, however, is whether the judgment was sought or awarded on the basis of breach of contract by reason of want of consideration, breach of contract by reason of failure of consideration, or fraud in the inducement entitling the plaintiffs to rescission. It seems clear that they sued on an express contract rather than an implied one,[4] because the claimed

---

[2] The claimed false and fraudulent representations were that the medical school

— was being formed by a group of American scholars,

— was of high quality,

— incorporated the most advanced medical technology available,

— was "recognized" by the World Health Organization,

— had a main campus on the island of Montserrat, British West Indies,

— offered teaching techniques and an instructional approach equivalent to a United States medical school,

— offered clinical training in the United States,

— was part of a larger university,

and that graduation from a foreign medical school and passing the required United States medical board examinations entitled the graduates to practice medicine in the United States.

[3] This court has repeatedly held that a trial court is precluded from considering any documentary evidence of a type not enumerated within Civ. R. 56(C). *Northern Assurance Co. of America* v. *Archer Plumbing Co., Inc.* (March 10, 1975), No. C-74140 unreported; *Davis* v. *Florez* (Aug. 22, 1979),

No. C-780319, unreported. The rule states in pertinent part:

"Summary judgment shall be rendered forthwith if *the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact* * * * show that there is no genuine issue as to any material fact * * *. No *evidence or stipulation may be considered except as stated in this rule.*" (Emphasis added.)

[4] We assume for purposes of disposing of this appeal on procedural grounds that there was a contract between the medical school and the students, but our disposition of this appeal shall not be understood as establishing that a contract was "proved" as a matter of law. It is conceivable that an express contract may arise by the publication of a brochure by an educational institution, in the nature of an advertisement of goods and services for sale, and the responding application by a prospective student for enrollment, in the nature of an acceptance of an offer. *Steinberg* v. *Chicago Medical School* (1977), 69 Ill. 2d 360, 371 N.E. 2d 634. Ohio has not recognized such an express contract, but an implied contract has been recognized under certain circumstances not found in the instant case. *Behrend* v. *State* (1977), 55 Ohio App. 2d 135 [9 O.O.3d 280].

misrepresentations were all set forth in defendants' brochure.

We find unresolved issues of material fact, no matter which of the three contract claims are examined. The unresolved issues are: whether certain of the representations were in fact false, whether the plaintiffs were actually deceived by any of the representations that were factually inaccurate, and if so, whether any of those representations were material to the contract or to plaintiffs' expenditure of funds.[5] With such issues of material fact patent on the face of the record, the court erred in granting summary judgment.

### III. Prejudgment Attachment

We find merit in defendants' second assignment of error because the statutes in R.C. Chapter 2715 that authorized prejudgment attachment and that were used to attach defendants' accounts were held to be unconstitutional. *Peebles* v. *Clement* (1980), 63 Ohio St. 2d 314 [17 O.O.3d 203]. A statute declared unconstitutional is void from the date of its enactment. *Hogg* v. *Zanesville Canal & Mfg. Co.* (1832), 5 Ohio 410. It is a mere nullity. *Cincinnati, Wilmington and Zanesville RR. Co.* v. *Clinton County* (1852), 1 Ohio St. 77. While there are exceptions to the retroactive effect of a judicial determination of unconstitutionality, *Linkletter* v. *Walker* (1965), 381 U.S. 618 [33 O.O.2d 118], we believe the application of the attachment statutes to the then existing and continuing attachment of defendants' accounts does not fall within those exceptions. The court below had authority to attach only under the statutes, and they were unenforceable because they did not meet all five of the minimum due process safeguards required by *Peebles*. The attachments cannot stand.

The order from which the defendants appealed was the overruling of their second motion to discharge the attachments. Plaintiffs assert that defendants must be precluded from this appeal because they had failed to appeal an adverse ruling on their first motion to discharge the attachments. We are not persuaded. We note that the first motion attacked the insufficiency of plaintiffs' affidavit accompanying their motion for attachment, and that the trial court simultaneously overruled the first motion to discharge and allowed the plaintiffs to file a new affidavit that complied with R.C. Chapter 2715. The first motion to discharge merely pointed to a defect in the attachment affidavit that was simultaneously corrected. It is the rule that an order denying a motion to discharge is a final appealable order for matters expressly raised in the motion and all other issues that might have been raised. *Toledo Paper Box Co.* v. *Jay Lane, Inc.* (Hamilton App. 1935), 20 Ohio Law Abs. 334; *Farmers Bank & Trust Co.* v. *Cooper Tire & Battery Co.* (1930), 37 Ohio App. 54. The application of this rule, however, would be patently unfair in the

---

[5] Solely by way of example and without trying to be exhaustive about the open issues, we note that while the students claimed the medical school was not of high quality, it did not use the most advanced medical technology available and it did not offer teaching techniques and instructional approach equivalent to United States medical schools, defendant Tien specifically contested each of these allegations. The record contains no standards whereby the truth of such claims might be evaluated. Further, both plaintiffs knew that the medical school was not located in its own quarters on the island of Montserrat in its first year and had only temporary arrangements for facilities in the College of Mount St. Joseph in Hamilton County, that Dr. Tien was the sole motivating force in the school's formation, and that there was no "group" of American educators behind it. Lastly, we are not convinced that it was material to the contract or to plaintiffs' expenditure of funds that the school was not at that moment listed by the World Health Organization or that it was not a part of a larger university.

instant case. The development of due process rights at the time of defendants' first motion to discharge had not proceeded in such an unmistakable manner, in our judgment, that we can now say that the due process questions about Ohio's attachment statutes should have been raised prior to the *Peebles* declaration or be forever barred. Defendants presented the issue in this case on September 18, 1980, within three months of the Supreme Court's decision in *Peebles* on July 31, 1980. We hold that their appeal from the order overruling their second motion to discharge was timely filed.

We reverse the judgment below and remand this case for further proceedings.

*Judgment reversed*
*and case remanded.*

BLACK, P.J., SHANNON and KLUSMEIER, JJ., concur.