This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellants/cross-appellees, James Galatis, Anita Galatis, Nicole Galatis,[1] Mike Galatis, Vicki Galatis, Jenna Galatis and John Galatis ("Appellants"), appeal the decision of the Summit County Court of Common Pleas granting summary judgment to Aetna Casualty Surety Company NKA Travelers ("Aetna"). We affirm.
 I.
On September 24, 1994, Jason Robert Galatis died in an automobile accident. James Galatis, acting as the executor of his son's estate, entered into an agreement on September 1, 1995, whereby, in exchange for $75,000, the estate settled any and all claims against the tortfeasors. On December 5, 1995, the estate entered into a settlement with Grange Insurance Company ("Grange") for its underinsured claims against Grange under the decedent's parents, James and Anita Galatis's, policy.
At the time of the accident, Anita Galatis (decedent's mother) was employed at Quagliata's Restaurants Inc. ("Quagliata"). Quagliata had an insurance policy with Aetna. In 2000, Appellants notified Westfield Insurance Company ("Westfield")[2] and Aetna regarding their possible claims arising out of the death of Jason Robert Galatis.
On December 27, 2000, Westfield filed a complaint against Appellants and Aetna seeking declaratory judgement that Appellants were not entitled to coverage under the policy. Appellants answered and filed counterclaims and crossclaims seeking a declaratory judgment regarding the underinsured motorist coverage under Westfield and Aetna's policies and damages in the amount of ten million dollars. Aetna filed answers to all the claims. On June 5, 2001, the parties entered stipulations. Westfield and Aetna moved the trial court for summary judgment. On August 30, 2001, the trial court granted summary judgment to Westfield and Aetna and dismissed with prejudice the Appellants' counterclaims and crossclaims.
This appeal and cross-appeal followed.
 II.
Appellants' Assignment of Error:
 THE TRIAL COURT ERRED WHEN IT GRANTED SUMMARY JUDGMENT IN FAVOR OF THE APPELLEES/CROSS-APPELLANTS AND DENIED APPELLANTS' MOTION FOR SUMMARY JUDGMENT.
In their sole assignment of error, the Appellants challenge the trial court's granting of summary judgment to Aetna.
To prevail on a summary judgment motion, the moving party "bears the initial burden of demonstrating that there are no genuine issues of material fact concerning an essential element of the opponent's case."Dresher v. Burt (1996), 75 Ohio St.3d 280, 292. If the movant meets this burden, the non-moving party must proffer evidence that some issue of material fact remains for the trial court to resolve. Id. at 293.
An appellate court reviews an award of summary judgment de novo.Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105. Like the trial court, the appellate court must view the facts in the case in the light most favorable to the non-moving party. Viock v. Stowe-Woodward Co. (1983), 13 Ohio App.3d 7, 12. Any doubt must be resolved in favor of the non-moving party. Id.
Civ.R. 56(C) provides an exclusive list of materials which the trial court may consider on a motion for summary judgment. Spier v. AmericanUniv. of the Carribean (1981), 3 Ohio App.3d 28, 29. Specifically, the materials include: affidavits, depositions, transcripts of hearings in the proceedings, written admissions, written stipulations, and the pleadings. Civ.R. 56(C). If a document does not fall within one of these categories, it can only be introduced as evidentiary material through incorporation by reference in an affidavit. Martin v. Central OhioTransit Auth. (1990), 70 Ohio App.3d 83, 89. Furthermore, "[d]ocuments which are not sworn, certified, or authenticated by way of affidavit have no evidentiary value and shall not be considered by the trial court."Mitchell v. Ross (1984), 14 Ohio App.3d 75, 75.
In support of its motion for summary judgment, Aetna provided the June 5, 2001 stipulations, interrogatory answers and a copy of Quagliata's insurance policy. The declarations page of the policy's Business Auto Coverage Form states the named insured as the corporation. A later endorsement to the policy modified the Business Auto Coverage by listing the Schedule of the following individuals: John Quagliato, Angelo Guaglito, Carl Patricia Quagliato, Nick Carla Fritz, Kathy Quagliato. The endorsement provides:
 CHANGES IN AUTO MEDICAL PAYMENTS AND UNINSURED AND UNDERINSURED MOTORISTS COVERAGES
The following is added to WHO IS AN INSURED:
 Any individual named in the Schedule and his or her "family members" are "insured" while "occupying" or while pedestrian when being struck by any "auto" you don't own except:
 Any "auto" owned by that individual or by any "family member."
* * *
E. ADDITIONAL DEFINITION
The following is added to the DEFINITIONS Section:
 "Family member" means a person related to the individual named in the Schedule by blood, marriage or adoption who is a resident of the individual's household, including a ward or foster child.
Where individuals and a corporation are named as insureds entitled to underinsured motorist coverage the policy language is unambiguous. As Anita Galatis was not one of the named individuals in the Schedule, neither she nor her relatives were entitled to underinsured motorist coverage under Aetna's policy.
Appellants responded in opposition but did not provide the trial court with any evidence of the type listed in Civ.R. 56(C) to support their argument that they were entitled to underinsured motorist coverage. Instead, Appellants submitted copies of case law. Appellants argued that underinsured motorist coverage existed by operation of law pursuant toScott-Pontzer v. Liberty Mut. Fire Ins. Co. (1999), 85 Ohio St.3d 660.[3]
We do not reach a Scott-Pontzer analysis on the facts before us. UnlikeScott-Pontzer, where the insurance policy provided underinsured motorist insurance protection solely to a corporation without any regard to persons, Aetna's policy referred to the Schedule of individuals, in addition to the corporation, as the insureds under the policy. See id. at 664. Listing specific individuals as insureds removed the ambiguity present in Scott-Pontzer surrounding the term "you," as it referred to insureds in a corporation's policy. Quagliata's policy language is not open to the interpretation that employees of the corporation are "insureds" for underinsured motorist coverage. Accordingly, we interpret the policy language at issue in Quagliata's policy as providing underinsured motorist insurance protection to the Schedule of specifically named individuals.
Aetna presented evidence of a policy that unambiguously provides underinsured motorist coverage to the Schedule of individuals that did not include Anita Galatis. Appellants failed to adduce evidence to dispute the policy language. Where the element is put in issue by the movant, and the non-moving party fails to make a showing of evidence as to the existence of an essential element of his or her cause of action, "there can be `no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."Dresher, 75 Ohio St.3d at 288, quoting Celotex Corp. v. Catrett (1986),477 U.S. 317, 322-23, 91 L.Ed.2d 265, 273. Accordingly, the trial court did not err in granting summary judgment in favor of Aetna.
Appellants' assignment of error is overruled.
 III.
Aetna's Assignment of Error:
 THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY FINDING THAT THE COMMERCIAL GENERAL LIABILITY ("CGL") COVERAGE PART OF MASTER INSURANCE POLICY NO. 002 ACM 23704697 ISSUED BY AETNA CASUALTY SURETY COMPANY ("TRAVELER'S) TO QUAGLIATA'S RESTAURANTS, INC ("QUAGLIATA'S"), EFFECTIVE JUNE 1, 1994 TO JUNE 1, 1995 ("TRAVELER'S POLICY"), CONSTITUTED AN AUTOMOBILE LIABILITY OR MOTOR VEHICLE LIABILITY POLICY OF INSURANCE AS TO BE INDEPENDENTLY SUBJECT TO R.C. 3937.18.
In its sole assignment of error, Aetna invites this court to issue a finding that their policy with Quagliata contains express underinsured motorist coverage provisions precluding a finding that coverage existed by operation of law pursuant to R.C. 3937.18. Having found that Anita Galatis was not entitled to underinsured motorist coverage under Quagliata's insurance policy, we are not inclined to engage in a further analysis of the policy, as such analysis is not material to the disposition of this case on appeal.
Aetna's assignment of error is overruled.
 IV.
Having overruled Appellants and Aetna's assignments of error, we affirm the judgment of the trial court.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellants/Cross-Appellees.
Exceptions.
SLABY, P.J., WHITMORE, J. CONCUR.
[1] The trial court dismissed without prejudice the complaint against Nicole Galatis for lack of prosecution.
[2] On February 2, 2002, this court granted Appellants motion to dismiss their appeal against Westfield and Westfield's motion to dismiss its cross-appeal.
[3] At oral argument, Appellants argued for the first time that the record did not reflect that Aetna provided notice of the option to limit the underinsured motorist coverage by listing the Schedule of individuals in an endorsement and, therefore, did not acquire a waiver allowing this type of limited coverage. We note that this argument was not raised at the trial court level nor briefed to this court, and that Appellants did not submit any such evidence in their response to the summary judgment motions.