This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Madeline Skala, appeals the decision of the Summit County Court of Common Pleas granting summary judgment to The Grange Insurance Company ("Grange"). This Court affirms.
 I.
{¶ 2} On July 20, 1995, Thomas Skala died in an automobile accident. Madeline Skala, acting as the executrix of Thomas Skala's estate, entered into an agreement whereby, in exchange for $100,000, the estate settled any and all claims against Ramsey and Nationwide, his insurance company.
{¶ 3} At the time of the accident, Thomas Skala was employed by L W Manufacturing Company ("L W"). L W was insured under a commercial package policy and an umbrella policy issued by Grange. On April 18, 2001, appellant notified Grange that she was asserting an underinsured claim.
{¶ 4} Appellant filed a complaint against Grange seeking declaratory judgment that appellant was entitled to coverage under the policy. Grange answered and moved the trial court for summary judgment. Appellant responded to Grange's motion for summary judgment and filed its own motion for summary judgment. The trial court granted Grange's motion for summary judgment.
{¶ 5} Appellant timely appealed, setting forth one assignment of error for review.
 II. ASSIGNMENT OF ERROR {¶ 6} "THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN GRANTING GRANGE INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT DENYING UM/UIM COVERAGE UNDER THE GRANGE COMMERCIAL POLICY'S UM/UIM ENDORSEMENT AND UM/UIM UMBRELLA POLICY ENDORSEMENT AND NOT GRANTING PLAINTIFF-APPELLANT'S MOTION FOR SUMMARY JUDGMENT WHERE PLAINTIFF-APPELLANT'S DECEDENT WAS AN INSURED UNDER BOTH POLICIES PURSUANT TO SCOTT-PONTZER V. LIBERTY MUTUAL INSURANCE COMPANY (1999)[,] 85 OHIO St.3d 660."
{¶ 7} In its sole assignment of error, appellant challenges the trial court's granting of summary judgment to Grange.
{¶ 8} To prevail on a summary judgment motion, the moving party "bears the initial burden of demonstrating that there are no genuine issues of material fact concerning an essential element of the opponent's case." Dresher v. Burt (1996), 75 Ohio St.3d 280, 292. If the movant meets this burden, the non-moving party must proffer evidence that some issue of material fact remains for the trial court to resolve. Id. at 293.
{¶ 9} An appellate court reviews an award of summary judgment de novo. Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105. Like the trial court, the appellate court must view the facts in the case in the light most favorable to the non-moving party. Viock v. Stowe-WoodwardCo. (1983), 13 Ohio App.3d 7, 12. Any doubt must be resolved in favor of the non-moving party. Id.
{¶ 10} Civ.R. 56(C) provides an exclusive list of materials that the trial court may consider on a motion for summary judgment. Spier v.American Univ. of the Carribean (1981), 3 Ohio App.3d 28, 29. Specifically, the materials include: affidavits, depositions, transcripts of hearings in the proceedings, written admissions, written stipulations, and the pleadings. Civ.R. 56(C). If a document does not fall within one of these categories, it can only be introduced as evidentiary material through incorporation by reference in an affidavit.Martin v. Central Ohio Transit Auth. (1990), 70 Ohio App.3d 83, 89. Furthermore, "[d]ocuments which are not sworn, certified, or authenticated by way of affidavit have no evidentiary value and shall not be considered by the trial court." Mitchell v. Ross (1984),14 Ohio App.3d 75, 75.
{¶ 11} In support of its motion for summary judgment, Grange provided interrogatory answers and a copy of L W's policy. The declarations page of the policy's Business Auto Coverage Form states the named insured as "L W Manufacturing Co. Inc Denis C and Karen I Stone."
{¶ 12} In addressing this same issue, this Court stated: "Where individuals and a corporation are named as insureds entitled to underinsured motorist coverage the policy language is unambiguous."Westfield Ins. Co. v. Galatis (Apr. 3, 2002), 9th Dist. No. 20784. As Thomas Skala was not one of the named insureds on the declarations page, he was not entitled to underinsured motorist coverage under Grange's policy.
{¶ 13} Appellant responded in opposition to Grange's motion for summary judgment. Appellant argued that underinsured motorist coverage existed by operation of law pursuant to Scott-Pontzer v. Liberty Mut.Fire Ins. Co. (1999), 85 Ohio St.3d 660, 710.
{¶ 14} This Court does not reach a Scott-Pontzer analysis on the facts before us. Unlike Scott-Pontzer, where the insurance policy provided underinsured motorist insurance protection solely to a corporation without any regard to persons, Grange's policy listed the names of individuals, in addition to the corporation, as the insureds under the policy. See Scott-Pontzer, 85 Ohio St.3d at 664. "Listing specific individuals as insureds removed the ambiguity present inScott-Pontzer surrounding the term `you,' as it referred to insureds in a corporation's policy." See Galatis, supra. L W's policy language is not open to the interpretation that employees of the corporation are "insureds" for underinsured motorist coverage. Id. Consequently, this Court interprets the policy language at issue in L W's policy as providing underinsured motorist insurance protection to the specifically named individuals. Id.
{¶ 15} Grange presented evidence of a policy that unambiguously provides underinsured motorist coverage to the named individuals that did not include Thomas Skala. Appellant failed to adduce evidence to dispute the policy language. Where the element is put in issue by the movant, and the non-moving party fails to make a showing of evidence as to the existence of an essential element of his or her cause of action, "there can be `no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Dresher,75 Ohio St.3d at 288, quoting Celotex Corp. v. Catrett (1986), 477 U.S. 317,322-23, 91 L.Ed.2d 265. Accordingly, the trial court did not err in granting summary judgment in favor of Grange.
{¶ 16} Appellant's sole assignment of error is overruled.
 III.
{¶ 17} The judgment of the Summit County Court of Common Pleas is affirmed.
BAIRD, P.J., BATCHELDER, J. CONCUR.