This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellants, Iris and Rudolph Pogacsnik ("Appellants"), appeal a grant of summary judgment entered by the Lorain County Court of Common Pleas in favor of Appellees, LaGrange Township and the LaGrange Township trustees (the "Township"). We affirm.
 I.
{¶ 2} Appellants own real property at 17907 LaGrange Road in LaGrange Township, consisting of 121.5881 acres. At the time of the events of this case, Appellants had owned the property for approximately thirty years and had farmed it in the past.
{¶ 3} Prior to this action, in 1996, Appellants had been under a court order to remove certain debris from their property, and such debris was specifically identified in a list given to the Appellants from the Township's trustees. Appellant Rudolph Pogacsnik was once found in contempt of the court order and was jailed for ten days. Appellants, in this case, assert that they since complied with the clean up of items on the list issued during the 1996 court action.
{¶ 4} In the instant case, after sending a series of letters warning Appellants of a nuisance upon their property, the Township conducted a hearing on the issue with Appellants in attendance with their attorney. Appellants claim that, at the hearing, they asked specifically what items needed to be removed, and they were given the same list of items which were the subject of the 1996 court action.
{¶ 5} Subsequently, the Township entered the property on December 7 and 14, 2000, and removed various items. The Township did not again enter the property, but sent a letter to Appellants dated April 16, 2001, indicating that the Township would hire contractors to complete the clean up.
{¶ 6} Appellants filed suit in the Lorain County Court of Common Pleas on May 16, 2001, seeking a declaratory judgment, injunctive relief, and monetary damages, claiming the past and threatened future actions of the Township constitute a taking of property without due process of law in violation of the Ohio Constitution and unlawful trespass. The Township filed a motion for summary judgment on April 19, 2002, offering letters and an affidavit from Thomas M. Mangan, an assistant prosecutor for Lorain County who provided legal assistance to the Township concerning this case. Appellants replied to the motion, offering a deposition as their evidence in support of a denial of summary judgment. The motion was granted on August 1, 2002. Appellants timely appealed, raising one assignment of error.
 II. Assignment of Error "the trial erred in granting defendants'-appellees' motion for summary judgment on the ground that there are no issues of material fact in dispute and defendants' are entitled to summary judgment as a matter of law." (sic).
{¶ 7} In their sole assignment of error, Appellants contend that there remain two issues of material fact that preclude a grant of summary judgment: (1) whether the Township complied with the notice requirements of R.C. 505.87; and, (2) whether the Township acted maliciously, in bad faith, or in a wanton and reckless manner within the meaning of R.C.2744.03(A)(6).
{¶ 8} An appellate court reviews an award of summary judgment de novo. Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105. We apply the same standard as the trial court, viewing the facts in the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party. Viock v. Stowe-Woodward Co. (1983),13 Ohio App.3d 7, 12.
{¶ 9} Pursuant to Civ.R. 56(C), summary judgment is proper if:
 "(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc.
(1977), 50 Ohio St.2d 317, 327.
{¶ 10} To prevail on a motion for summary judgment, the party moving for summary judgment must be able to point to evidentiary materials that show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. The non-moving party must then present evidence that some issue of material fact remains for the trial court to resolve. Id.
{¶ 11} Where the non-moving party would have the burden of proving a number of elements in order to prevail at trial, the party moving for summary judgment may point to evidence that the non-moving party cannot possibly prevail on an essential element of the claim. See, e.g., Stivisonv. Goodyear Tire Rubber Co. (1997), 80 Ohio St.3d 498, 499. The moving party "bears the initial burden of demonstrating that there are no genuine issues of material fact concerning an essential element of the opponent's case." Dresher, 75 Ohio St.3d at 292. The burden then shifts to the non-moving party to show that there is a genuine issue of material fact as to that element. Id. at 293. "Mere reliance upon the pleadings is insufficient." Carr v. Nemer (Dec. 16, 1992), 9th Dist. No. 15575, at 2.
{¶ 12} Civ.R. 56(C) provides an exclusive list of materials that the trial court may consider on a motion for summary judgment. Spier v.American Univ. of the Carribean (1981), 3 Ohio App.3d 28, 29. Specifically, the materials include: affidavits, depositions, transcripts of hearings in the proceedings, written admissions, written stipulations, and the pleadings. Civ.R. 56(C). If a document does not fall within one of these categories, it can only be introduced as evidentiary material through incorporation by reference in an affidavit.Martin v. Central Ohio Transit Auth. (1990), 70 Ohio App.3d 83, 89.
{¶ 13} In order to determine whether there are genuine issues of material fact, the presence of which makes summary judgment inappropriate, the court must identify the issues as derived from the causes of action alleged and the defenses proposed in response. Spier,3 Ohio App.3d at 29.
{¶ 14} In the complaint, Appellants propose two claims to justify the relief requested. In the first, Appellants state that the Township's "past actions and threatened actions" constitute a taking without due process of law in violation of the Ohio Constitution. We note that the first claim does not propose that a statute or ordinance is unconstitutional, but addresses only the Township's actions. Further, Appellants limit the argument in their appeal to only whether the Township gave proper notice of their proposed actions. In the second claim, Appellants state they are entitled to monetary compensation due to the Township's "intentional trespass and removal and destruction of [Appellants'] property[.]"
{¶ 15} As to the claim regarding the unconstitutional actions, the Township argued in the motion for summary judgment that the Township's actions were authorized by and were pursuant to R.C. 505.87. Statutes are presumed to be constitutional unless shown beyond a reasonable doubt to violate a constitutional provision. Fabrey v. McDonald Police Dept.
(1994), 70 Ohio St.3d 351, 352. Appellants have not argued that R.C. 505.87
is unconstitutional, so we proceed under the presumption that the statute is constitutional. Therefore, in order for the Township's actions to be unconstitutional, the Township's actions must fail to satisfy the terms of R.C. 505.87.
{¶ 16} R.C. 505.87 states, in pertinent part:
 "(A) A board of township trustees may provide for the abatement, control, or removal of vegetation, garbage, refuse, and other debris from land in the township, if the board determines that the owner's maintenance of such vegetation, garbage, refuse, and other debris constitutes a nuisance.
 "(B) At least seven days prior to providing for the abatement, control, or removal of any vegetation, garbage, refuse, or debris, the board of township trustees shall notify the owner of the land and any holders of liens of record upon the land that:
 "(1) The owner is ordered to abate, control, or remove the vegetation, garbage, refuse, or other debris, the owner's maintenance of which has been determined by the board to be a nuisance;
 "(2) If such vegetation, garbage, refuse, or debris is not abated, controlled, or removed, or if provision for its abatement, control, or removal is not made, within seven days, the board will provide for the abatement, control, or removal, and any expenses incurred by the board in performing that task will be entered upon the tax duplicate and will be a lien upon the land from the date of entry.
 "The board shall send the notice to the owner of the land by certified mail if the owner is a resident or the township[.] ***
 "(C) If, within seven day after notice is given, the owner of the land fails to abate, control, or remove the vegetation, garbage, refuse, or debris, *** the board of township trustees shall provide for the abatement, control, or removal and may employ the necessary labor, materials, and equipment to perform the task. All expenses incurred shall, when approved by the board, be paid out of the township general fund from moneys not otherwise appropriated."
{¶ 17} To prevail on a motion for summary judgment, the Township must present Civ.R. 56(C) evidence proving that the Township satisfied the requirements of R.C. 505.87 by (1) making a determination that vegetation, garbage, refuse, and other debris on Appellants' land constitutes a nuisance; (2) giving seven days notice to Appellants prior to providing for the abatement of the nuisance; (3) ensuring that the notice contained an order to abate, control, or remove the vegetation, garbage, refuse, or other debris that the Township has determined constitutes the nuisance; and, (4) in this case, sending the notice by certified mail. Civ.R. 56(C) evidence includes pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of facts, if any, timely filed in the action. "No evidence or stipulation may be considered except as stated in this rule." Civ.R. 56(C).
{¶ 18} Attached to the Township's motion for summary judgment is one affidavit from Thomas Mangan, an Assistant Prosecuting Attorney from Lorain County, and nine letters, including the letters discussed in the prior section of this opinion. To establish that the Township determined a nuisance existed, the Township refers to the Mangan affidavit which states at paragraph 6, "A determination was made by the Township that the premises constituted a nuisance as a result of the existence of vegetation, refuse, and debris." Further, the Township refers to paragraph 12, sections (b) and (f) of the affidavit which in turn refers to two of the nine attached letters. The affidavit, in paragraph 12, asserts that the letters were maintained by the affiant, Mangan, "in the ordinary course of business concerning the condition of the premises[.]" Therefore, the requirements of Civ.R. 56(C) were adequately met to show that the Township determined a nuisance existed on Appellants' property.
{¶ 19} To demonstrate that proper notice was given, the Township refers to paragraph 5 of the Mangan affidavit, which states, "In May, June, and September, 2000, LaGrange Township notified Mr. Pogacsnik concerning the condition of his premises and on October 16, 2000, Mr. Pogacsnik appeared with his attorney, Shawn Martin regarding the condition of the premises at a Township Trustees Meeting." We turn to the contents of the attached letters.
{¶ 20} In one letter dated May 16, 2000, the Township's trustees, claiming authority under R.C. 505.87, advised Appellants that "you are permitting vegetation, garbage, refuse, or other debris to accumulate upon your property" and asked Appellants "to take proper action in response *** within 10 days" to voluntarily clean up the property, or else the trustees would commence formal proceedings.
{¶ 21} In another letter to Appellants dated June 12, 2000, the Township's trustees stated that the trustees had determined that "the accumulation of vegetation, garbage, refuse, and other debris" upon Appellants' property constituted a nuisance. The trustees, in the letter, ordered Appellants "to immediately remove such vegetation, garbage, refuse, and other debris" within seven days, or the trustees would provide for removal and bill Appellants for the cost.
{¶ 22} In a third letter to Appellants dated September 25, 2000, the Townships' trustees advised Appellants that the trustees would conduct a hearing on Appellants' non-compliance with their clean-up order at a meeting to be held on October 16, 2000. Appellants were invited, along with any other interested parties, to show cause why the Township should not enter the property to conduct the clean up at Appellants' expense.
{¶ 23} In a follow-up letter to Appellants' attorney, Shawn Martin, dated October 17, 2000, the Lorain County prosecuting attorney stated that the trustees had voted to enter Appellants' property and "to remove vegetation, garbage, refuse or debris and to clean up the property." Further, the prosecutor said, the costs of the clean up would be added to Appellants' real estate tax bill. In response, in a letter dated October 20, 2000, Appellants' attorney indicated that Appellants had complied with the items specifically listed to be removed, Appellants had so demonstrated through photographs provided to the Township, and that Appellants would not permit officials to enter his property without a court order.
{¶ 24} The affidavit and accompanying letters are adequate Civ.R. 56(C) evidence to show that the Township's actions satisfied the notice provision of R.C. 505.87. Appellants' response to the motion for summary judgment contains no contrary evidence that the Township did not satisfy the notice requirements of the statute. Therefore, Appellants have not met their Dresher burden on this claim, and summary judgment for the Township on this issue was proper.
{¶ 25} Regarding the claim of trespass, the Township has governmental immunity in the abatement of the nuisance pursuant to R.C.2744.01, et. seq. The burden is upon the Appellants to offer evidence that the Township, through its actions, has waived the statutory grant of governmental immunity.
{¶ 26} R.C. 2744.03(A)(5) waives immunity unless the judgment or discretion to use "equipment, supplies, materials, personnel, facilities and other resources was exercised with malicious purpose in bad faith, or in a wanton or reckless manner." R.C. 2744.03(A)(6)(b) waives immunity for political subdivision employees whose "acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner[.]"
{¶ 27} In their response to the motion for summary judgment, Appellants state that the Township did act in such a manner that would satisfy the statutory waiver requirements, but point to no supporting evidence; therefore Appellants have failed to meet their Dresher burden on this issue.
{¶ 28} We conclude that summary judgment was proper and Appellants' assignment of error is overruled.
 III.
{¶ 29} Appellants' sole assignment of error is overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.
WHITMORE, J. and BATCHELDER, J. CONCUR.