DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Defendant-Appellant State Farm Mutual Automobile Insurance Company has appealed from a decision of the Summit County Court of Common Pleas that granted Defendant-Appellee Erie Insurance Company's cross-claim for declaratory judgment. This Court affirms.
 I {¶ 2} On April 3, 2000, Marguerite Halliwill ("Halliwill") was driving along Hilbish Avenue and East Waterloo Road, in Akron, Ohio, when she was struck by a vehicle driven by Gary W. Gardinier, III ("tortfeasor"). As a result of the accident, Appellant sustained permanent injuries. At the time of the accident, Halliwill was driving her own personal vehicle and was not acting within the course and scope of her employment. Halliwill's vehicle was insured by State Farm Mutual Automobile Insurance Company ("State Farm"). Halliwill's employer, Perfection Mold Machine ("Perfection Mold"), maintained an uninsured and underinsured ("UM/UIM") policy with Erie Insurance Company ("Erie"). The tortfeasor was also insured under a personal automobile liability policy.
 {¶ 3} After obtaining State Farm and Erie's consent, on July 3, 2001, Halliwill settled her case against the tortfeasor for the limits of his liability insurance policy. Later, on March 21, 2002, Halliwill filed suit against both State Farm and Erie seeking declaratory judgment and damages. In her complaint she alleged that she was entitled to UIM coverage from State Farm because she was specifically named as an "insured" under the State Farm policy. She further alleged that she was entitled to coverage from Erie because Perfection Mold was named as an "insured" under the Erie policy, and pursuant to Scott-Pontzer v. LibertyMutual Fire Ins. Co. (1999), 85 Ohio St.3d 660,[1] UM/UIM coverage also extended to her as an employee of Perfection Mold. Both insurance companies filed answers and motions for summary judgment. In its partial motion for summary judgment, Erie argued that Halliwill was not entitled to UIM coverage because at the time of the accident, she was not occupying a specifically identified automobile, and that therefore she was not an "insured." Erie further asserted that even assuming Halliwill was an "insured," State Farm's personal UM/UIM coverage was primary and its coverage was excess. State Farm, in its motion for summary judgment, asserted that liability for the accident was not at issue and it admitted that its policy provided UIM coverage to Halliwill. State Farm maintained, however, that the Erie's policy also provided primary coverage.
 {¶ 4} On December 12, 2002, the trial court held that Halliwell was an "insured" and was entitled to coverage under the Erie policy; the trial court failed to rule on the issue of whether Erie's policy provided excess or primary coverage.[2] On February 28, 2003, Erie and State Farm filed cross-claims for declaratory judgment. Erie asked the court to declare that its coverage was excess. State Farm asked the court to declare that Erie's coverage was primary and that the two insurance companies should share the loss on a pro rata basis. The trial court granted Erie's cross-claim and held that "the [UM/UIM] motorist coverage of [State Farm] is primary, that the coverage of Erie is excess, and that the policies do not apply on a pro rata basis."
 {¶ 5} State Farm has timely appealed, asserting one assignment of error.
 II Assignment of Error
"The trial court erred in finding that the policy of insurance issued by [erie] was excess to the policy issued by state farm."
 {¶ 6} In State Farm's sole assignment of error, it has argued that the trial court erred in finding that Erie's insurance policy provided excess coverage. This Court disagrees.
 {¶ 7} The appropriate appellate standard of review for an award of summary judgment is de novo. Doe v. Shaffer (2000), 90 Ohio St.3d 388,390, citing Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105. A de novo review requires an independent review of the trial court's decision without any deference to the trial court's determination. Brownv. Scioto Cty. Bd. of Commrs. (1993), 87 Ohio App.3d 704, 711. Thus, this Court applies the same standard as the trial court, viewing the facts in the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party. Civ.R. 56(C); Viockv. Stowe-Woodward Co. (1983), 13 Ohio App.3d 7, 12, quoting Norris v.Ohio Std. Oil Co. (1982), 70 Ohio St.2d 1, 2.
 {¶ 8} According to Civ.R. 56(C), summary judgment is proper if: (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence, viewed most strongly in favor of the nonmoving party, that reasonable minds can come to but one conclusion, which is adverse to the non-moving party. See State ex rel. Howard v. Ferreri
(1994), 70 Ohio St.3d 587, 589.
 {¶ 9} To prevail on a motion for summary judgment, the moving party must be able to point to evidentiary materials that show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Dresher v. Burt (1996),75 Ohio St.3d 280, 293. Once a moving party satisfies its burden of supporting its motion for summary judgment with sufficient and acceptable evidence pursuant to Civ.R. 56(C), Civ.R. 56(E) provides that the non-moving party may not rest upon the mere allegations or denials of the moving party's pleadings. Rather, the non-moving party has a reciprocal burden of responding by setting forth specific facts, demonstrating that a "genuine issue" exists to be litigated for trial. State ex rel.Zimmerman v. Tompkins (1996), 75 Ohio St.3d 447, 449.
 {¶ 10} Civ.R. 56(C) provides an exclusive list of materials which the trial court may consider on a motion for summary judgment. Spier v.American Univ. of the Caribbean (1981), 3 Ohio App.3d 28, 29. Specifically, the materials include: affidavits, depositions, transcripts of hearings in the proceedings, written admissions, written stipulations, answers to interrogatories, and the pleadings. Civ.R. 56(C). Here, Erie and State Farm relied on the insurance policies submitted with their motions for summary judgment; each policy was authenticated by way of affidavit.
 {¶ 11} This appeal involves a dispute between a potentialScott-Pontzer carrier[3] and a UM/UIM carrier. State Farm, as the UM/UIM carrier, has argued that it's policy and Erie's policy should both be construed as providing primary coverage because of the existence of the "other insurance" clauses contained in each policy. The "other insurance" clause contained in State Farm's policy is located in Section III, which is entitled: "Uninsured Motor Vehicle — Coverage — and Uninsured Motor Vehicle Property Damage — Coveage u1[.]" The clause provides, in pertinent part:
"3. If Any Other Policies Apply
"* * * *
"b. If the insured sustains bodily injury while occupying a vehicle that is [not described on the declarations page or driven by a person who is not an insured under,] another policy providing uninsured motor vehicle coverage:
"(1) the total limits of liability under all uninsured motor vehicle coverages that apply shall not exceed that of the coverage with the highest limit of liability; and
"(2) we are liable for only our share. Our share is that per cent of the damages that our limit of liability determined in 1 above bears to the total sum of that limit of liability and the limits of liability of all other uninsured motorist vehicle coverages that apply." (Emphasis omitted.)
 {¶ 12} Based upon the above cited provision, State Farm has argued that "it is undisputed that [Halliwill], was, at the time of her accident, driving a vehicle described only in the Declaration page of her own State Farm policy, and not in the [Erie] Declaration page. As such, the State Farm policy does not attempt to make itself excess to other coverage, but instead simply states that it will share with other applicable coverage on a pro rata basis." (Emphasis omitted.) This Court agrees with State Farm's assertion that the existence of the "other insurance" clause contained in its policy provides that in the event an insured is covered under another insurance policy, State Farm is only required to pay coverage on a pro rata basis.
 {¶ 13} State Farm has next argued that the "other insurance" clause contained in Erie's insurance policy, when read in conjunction with the Ohio Supreme Court's holding in Scott-Pontzer, also indicates that Erie's policy provides primary coverage. State Farm has argued, and Erie does not appear to contest, that Scott-Pontzer applies to Erie's insurance policy, and that therefore UM/UIM coverage extends to Halliwill, as an employee of Perfection Mold. The UM/UIM endorsement contained in Erie's insurance policy provides that:
"Our Promise
"We will pay damages for bodily injury that the law entitles you or your legal representative to recover from the owner or operator of an uninsured motor vehicle or underinsured motor vehicle.
"* * *
"Others we protect
"1. Any relative, if you are an individual.
"2. Anyone else, while occupying any owned auto we insure other than one being used without the permission of the owner.
"3. Anyone else who is entitled to recover damages because of bodily injury to any person protected by this coverage.
"4. If you are an individual, anyone else while occupying a non-owned auto we insure other than:
"a. one you are using that is owned by another person residing in your household.
"b. one furnished or available for the regular use of you or anyone residing in your household.
"c. one being operated by anyone other than you or a relative." (Emphasis omitted.)
 {¶ 14} The insurance policy further provides that "`we', `us', `our' and `The ERIE' means the Subscribers at Erie Insurance Exchange as represented by their common Attorney-in-Fact, Erie Indemnity Company." An additional endorsement, which effectively amended the policy, provides that the terms "`you', `your' and `Named Insured' means the "Subscriber named in [Item 1] on the Declarations and others named in [Item 1] on the Declarations." (Emphasis omitted.). The policy defines "Subscriber" as the "person who signed, or the organization that authorized the signing of, the Subscriber's Agreement." (Emphasis omitted.). Perfection Mold is the only entity listed in Item 1 of the Declarations. Therefore, the term "you," as used in determining who is an insured under the policy, includes Perfection Mold. Because the policy clearly provides that the term "you" includes only the corporation, we agree with State Farm and conclude that Scott-Pontzer applies to the policy.
 {¶ 15} In Scott-Pontzer, the court addressed whether a corporation's employees were entitled to UIM coverage under the corporation's insurance policies. More specifically, the court had to determine if the definition of "insured" included a corporation's employees. A provision in the policy defined "insured" as:
"B. Who Is An Insured
"1. You.
"2. If you are individual, any family member.
"3. Anyone else occupying a covered auto or a temporary substitute for a covered auto. The covered auto must be out of service because of its breakdown, repair, servicing, loss or destruction.
"4. Anyone for damages he or she is entitled to recover because of bodily injury sustained by another insured." Scott-Pontzer,85 Ohio St.3d at 663.
 {¶ 16} The coverage form further provided that "[t]hroughout this policy the words you and your refer to the named insured shown in the declarations.'" Scott-Pontzer, 85 Ohio St.3d at 663. The corporation, Superior Dairy, was listed in the Declarations page of the insurance policy as the "named insured." The court found that the term "you" or "your" was ambiguous, and held that an employee was also an "insured" for purposes of UM/UIM coverage when such an ambiguity exists. The court explained:
"[I]t would be reasonable to conclude that `you,' * * * also includes * * * employees, since a corporation can act only by and through real live persons. It would be nonsensical to limit protection solely to the corporate entity, since a corporation, itself, cannot occupy an automobile, suffer bodily injury or death, or operate a motor vehicle. Here, naming the corporation as the insured is meaningless unless the coverage extends to some person or persons — including to the corporation's employees." Scott-Pontzer, 85 Ohio St.3d at 664.
 {¶ 17} In light of the fact that the term "you" in Erie's policy is just as ambiguous as the policy at issue in Scott-Pontzer, this Court finds, as did the trial court, that pursuant to Scott-Pontzer the term "you" refers to both Perfection Mold and its employees.
 {¶ 18} This Court is aware of the fact that the Ohio Supreme Court has recently narrowed the scope of Scott-Pontzer. In Westfield Ins. Cov. Galatis, 100 Ohio St.3d 216, 2003-Ohio-5849, the Ohio Supreme Court held that the decision in Scott-Pontzer was correct "to the extent that it held that an employee in the scope of employment qualifies as `you' as used in [the employer's insurance policy], and thus, is entitled to uninsured motorist coverage." Galatis, 2003-Ohio-5849, ¶ 31. Therefore, "[a]bsent specific language to the contrary, a policy of insurance that names a corporation as an insured for uninsured or underinsured motorist coverage covers a loss sustained by an employee of the corporation only if the loss occurs within the course and scope of employment." Id. at ¶ 62. The Court further overruled its prior holding in Ezawa v. Yasuda Fire Marine Ins. Co. of Am. (1999),86 Ohio St.3d 557, and held that "where a policy of insurance designates a corporation as a named insured, the designation of `family members' of the named insured as `other insureds' does not extend insurance coverage to a family member of an employee of the corporation, unless that employee is also a named insured." Id. at ¶ 62.
 {¶ 19} The court's holding in Galatis should be applied to all insurance cases currently pending in an appellate court because "[t]he general rule is that a decision of a court of supreme jurisdiction overruling a former decision is retrospective in its operation, and the effect is not that the former was bad law, but that it never was the law." Peerless Elec. Co. v. Bowers (1955), 164 Ohio St. 209, 210. Based on this general rule of law, this Court would, under appropriate circumstances, hold that Erie is not required to pay Halliwill any UM/UIM benefits because Halliwill is not entitled to UM/UIM coverage under Erie's policy pursuant to Galatis. It is undisputed that she was not acting within the course and scope of her employment with Perfection Mold at the time of the accident and pursuant to Galatis she should be precluded from coverage under Erie's policy. However, the issue of whether Halliwill is entitled to UM/UIM coverage under Erie's policy is not before this Court. Erie has waived the issue of whether Halliwill is entitled to Scott-Pontzer coverage because it failed to argue that issue on appeal. In fact, Erie entered into a settlement agreement with Halliwill prior to this appeal; State Farm was also a party to the agreement.[4] The only issue before this Court is whether Erie's policy provides excess or primary coverage to Halliwill. As such, we are bound to address only this issue and we proceed with our analysis under the premise that Halliwill is an "insured" under Erie's insurance policy.
 {¶ 20} Because Scott-Pontzer applies to that portion of Erie's insurance policy which determines who is an insured (i.e., the clause entitled "OTHERS WE PROTECT") State Farm has contended thatScott-Pontzer should also apply to the "other insurance" clause contained in Erie's policy. That is, State Farm has argued that this Court should consistently define the term "you" to include the corporation and its employees and conclude that "the Erie ["other insurance"] clause should [thus] be read to mean that Erie's coverage is excess only where the injury occurs in a vehicle not owned by the employee." (Emphasis omitted.) Erie's "other insurance" clause provides:
"Other Insurance
"If anyone we protect has other similar insurance that applies to the accident, we will pay our share of the loss, subject to the other terms and conditions of the policy and this endorsement. Our share will be the proportion the Limit of Protection of this insurance bears to the total Limit of Liability of all applicable insurance. Recovery will not exceed the highest limit available among applicable policies.
"For damages to anyone we protect while occupying a motor vehicle youdo not own, we will pay the amount of the loss up to the applicablelimit(s) shown on the Declarations for one auto, less the amount paid orpayable by other insurance.
"When the accident involves underinsured motor vehicles, we will not pay until all other forms of insurance under all bodily injury liability bonds and insurance policies and self-insurance plans applicable at the time of the accident have been exhausted by payment of their limits." (Emphasis altered.)
 {¶ 21} Based on State Farm's argument that the meaning of term "you" should be consistently applied throughout the policy, the policy is interpreted to read:
"For damages to anyone we protect while occupying a motor vehicle [the corporation or it's employees] do not own, we will pay the amount of the loss up to the applicable limit(s) shown on the Declarations for one auto, less the amount paid or payable by other insurance."
 {¶ 22} Such an interpretation would mean that if Halliwill is driving an automobile she does not own, coverage is excess. If, however, she is driving an automobile she owns then coverage is primary.
 {¶ 23} Erie has argued that the "other insurance" clause "should not be mechanically applied, at least in cases where one policy provides intended UM/UIM benefits to a claimant but another provides unintended UM/UIM benefits that are extended by operation of law to employees of a corporate named insured or their resident family members." The Ohio Supreme Court in Scott-Pontzer, Erie has argued, did not intend to create a windfall in favor of personal UIM carriers, therefore "where a personal auto policy includes an express grant of UM/UIM coverage to a certain individual, that coverage should be exhausted before any [Scott-Pontzer] coverage is tapped." (Alterations added; emphasis omitted.) Erie has maintained that this Court should rely on the Tenth District Court of Common Pleas decision in Justus v. Allstate Ins. Co. (Sept. 17, 2001), Ohio Ct. Franklin County, No. 00CV07-6742, 2001 Ohio Misc. LEXIS 18. Erie believes that the trial court's decision in Justus clearly explained why personal UM/UIM coverage should always be primary and coverage that arises pursuant to Scott-Pontzer should always provide excess coverage.
 {¶ 24} In Justus, a corporation maintained an insurance policy with General Insurance Company of America ("General") and the corporation's employee held a UIM policy with Allstate Insurance Company ("Allstate"). General admitted that UM/UIM coverage extended to the corporation's employees because of Scott-Pontzer. However, in its motion for summary judgment, General argued that its coverage was excess and not primary, whereas Allstate argued that both policies were primary and that damages should be prorated between each insurance company. Like Erie's policy, the Allstate policy contained an "other insurance" clause. The clause provided, in pertinent part:
"If there is Other Insurance
"If the insured person was in, on, getting into or out of, or on or off a vehicle you do not own which is insured for uninsured motorists, underinsured motorists, or similar type of coverage under another policy, then coverage under Uninsured Motorists Insurance in Part 3 of this policy will be excess. This means that when the insured person is legally entitled to recover damages in excess of the other policy, we will only pay the amount by which the limit of liability of this policy exceeds the limits of liability of that policy. No insured person may recover duplicate benefits for the same element of loss under Uninsured Motorists Insurance * * * and the other insurance." Justus,
2001 Ohio Misc. LEXIS 18, at *2-3.
 {¶ 25} The issue before the trial court was whether the term "you" should be used consistently throughout the insurance policy and whether the term "you" as used in the "other insurance" clause referred to the corporation and its employees. The trial court explained that if the term "you" was interpreted to mean the corporation only, and not its employees, then coverage provided by General's policy was excess.Justus, 2001 Ohio Misc. LEXIS 18, at *7. If, however, the term "you" was interpreted to include the corporation's employees then General's UIM coverage was also primary and the two companies should share the responsibility for damages proportionately. Id. The trial court granted summary judgment in favor of General and held that General's coverage was excess. Id. at *16. The trial court also held that when coverage arises pursuant to Scott-Pontzer, such coverage is excess in all cases where there is primary coverage provided by the employee's own insurance policy. Id.
 {¶ 26} Although not discussed by Erie, the trial court's decision in Justus was overruled by the Tenth District Court of Appeals. SeeJustus v. Allstate Ins. Co., 10th Dist. No. 02AP-1222, 2003-Ohio-3913. The appellate court held that the trial court erred in finding that the term "you" in the "other insurance" clause did not include the employees of the corporation. Id. at ¶ 19. Relying on Flournoy v. Valley ForgeIns. Co., 10th Dist. No. 02AP-1008, 2003-Ohio-2196, the appellate court explained that "you" should be considered ambiguous in all parts of the policy if it is found to be ambiguous in some parts of the policy.Justus, 2003-Ohio-3913, at ¶ 19. The appellate court concluded that the term "you," as used in the "other insurance" clause, also included that corporation and its employees. Id.
 {¶ 27} The "other insurance" clause contained in Erie's policy does not provide an alternative definition for the term "you" (i.e., it does not specifically refer to a named individual or an agent of the corporation); thus, the term appears to be ambiguous. However, when read in context with the surrounding language of the "other insurance" clause, we find that the term "you" is unambiguous when used in that clause.
 {¶ 28} Our conclusion that the term "you" in the "OTHERS WE PROTECT" clause included both the corporation and its employees was based on the language and purpose of that clause. The purpose of the "OTHERS WE PROTECT" clause was to classify what persons were entitled to compensation for damages resulting from bodily injury. Thus, the term "you" in the "OTHERS WE PROTECT" clause referred to those persons capable of suffering bodily injury. A corporation cannot suffer bodily injury. See Scott-Pontzer, 85 Ohio St.3d 664 (holding that "a corporation itself, cannot occupy an automobile, suffer bodily injury or death or operate a motor vehicle."). Yet, the term "you" was specifically defined as the named insured, which was the corporation. We therefore concluded, based on the logic expressed in Scott-Pontzer, that the term "you" in the "OTHERS WE PROTECT" clause was ambiguous because only a corporation's employees can suffer bodily injury.
 {¶ 29} The term "you" in the "other insurance" clause is also defined as the named insured, which is listed as the corporation. However, unlike in the "OTHERS WE PROTECT" clause, the term "you" in the "other insurance" clause refers to an entity's ownership of an automobile, rather than an entity's ability to suffer bodily injury. A corporation may not be able to suffer bodily injury, but it "clearly can hold lawful title to motor vehicles and can acquire insurance restricted to those vehicles which it, itself owns." Wright v. Small, 3rd Dist. No. 13-02-34, 2003-Ohio-971, at ¶ 21; see, also, Governale v. Sprecher,
12th Dist. No. CA2002-10-112, 2003-Ohio-2376, at ¶ 31. We find that it is entirely logical and reasonable for a corporation, as a business entity endowed by law with the rights and liabilities of an individual, to maintain ownership of an automobile. Therefore, we find that the term "you" in the "other insurance" clause is unambiguous and refers only to the corporation.
 {¶ 30} Because we find that the term "you" in the "other insurance" clause refers only to the corporation, the "other insurance" clause is now interpreted to read:
"For damages to anyone we protect while occupying a motor vehicle [the corporation does not own], we will pay the amount of the loss up to the applicable limit(s) shown on the Declarations for one auto, less the amount paid or payable by other insurance."
 {¶ 31} Our interpretation of the "other insurance" clause means that coverage is excess under Erie's insurance policy if an insured is driving a vehicle not owned by the corporation. Coverage is primary under Erie's policy if an insured is driving a vehicle owned by the corporation. Here, Halliwill was driving an automobile not owned by the corporation. Therefore, Erie's policy provides excess coverage, and not primary coverage on a pro rata basis.
 {¶ 32} Appellant's assignment of error lacks merit.
 III {¶ 33} State Farm's assignment of error is overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellants.
Exceptions.
Slaby, P.J., Baird, J., concur.
[1] In Westfield Ins. Co. v. Galatis, 100 Ohio St.3d 216,2003-Ohio-5849, discussed infra, the Ohio Supreme Court narrowed the scope of Scott-Pontzer.
[2] In the trial court's December 12, 2002, order, it failed to expressly overrule or grant Erie's partial motion for summary judgment.
[3] A "Scott-Pontzer carrier" is an insurance provider that insures a corporation and is required by the Ohio Supreme Court's holding inScott-Pontzer to extend UM/UIM coverage to the corporation's employees working within the course and scope of their employment. See WestfieldIns. Co. v. Galatis, 100 Ohio St.3d 216, 2003-Ohio-5849.
[4] A copy of the settlement agreement is not included in the appellate record and the parties failed to attach a copy of the settlement agreement to their briefs. Therefore, this Court is unsure how the Ohio Supreme Court's decision in Galatis would effect the binding terms of that agreement.